## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

| | |
|---|---|
| ANGELA SALINAS, Administrator of the Estate of EMMA SALINAS, Deceased, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:19-cv-153 |
| | ) |
| INDIANA DEPARTMENT OF CHILD SERVICES, TERRY J. STIGDON, KATHRYN MALONE, ROSEMARIE FUENTES, CARLETHA FIELDS, BENCHMARK FAMILY SERVICES, INC., d/b/a BENCHMARK FAMILY SERVICES THERAPEUTIC FOSTER CARE, APOSTOLIC YOUTH & FAMILY SERVICES, INC., VERBIE JONES-SMITH, JEFFREY L. MCNEIL and SHAUNA AUSTIN, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

### COMPLAINT AT LAW

Plaintiff, ANGELA SALINAS, Administrator of the Estate of EMMA SALINAS, Deceased, by and through her attorneys, COFFMAN LAW OFFICES, P.C., and complaining against the Defendants, INDIANA DEPARTMENT OF CHILD SERVICES, TERRY J. STIGDON, KATHRYN MALONE, ROSEMARIE FUENTES, CARLETHA FIELDS, BENCHMARK FAMILY SERVICES, INC., d/b/a BENCHMARK FAMILY SERVICES THERAPEUTIC FOSTER CARE, APOSTOLIC YOUTH & FAMILY SERVICES, INC., VERBIE JONES-SMITH, JEFFREY L. MCNEIL and SHAUNA AUSTIN, state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter because, upon information and belief, the defendants, INDIANA DEPARTMENT OF CHILD SERVICES, TERRY J. STIGDON, KATHRYN MALONE, ROSEMARIE FUENTES, CARLETHA FIELDS, BENCHMARK

FAMILY SERVICES, INC., d/b/a BENCHMARK FAMILY SERVICES THERAPEUTIC FOSTER CARE, APOSTOLIC YOUTH & FAMILY SERVICES, INC., VERBIE JONES-SMITH, JEFFREY L. MCNEIL and SHAUNA AUSTIN, and each of them, are residents and citizens of the State of Indiana; the plaintiff, ANGELA SALINAS, Administrator of the Estate of EMMA SALINAS, is a resident and citizen of the State of Illinois.

2. The amount in controversy is in excess of $100,000.00.

3. Jurisdiction is proper under 28 U.S.C. §1332.

4. That the tortious acts in this matter took place in the City of Gary, County of Lake, and State of Indiana.

5. Venue in this matter is appropriate in this Court pursuant to 28 U.S.C. § 1391(a)(1) because the defendants reside in the Northern District of Indiana.

6. Furthermore, jurisdiction is conferred upon this court by virtue of 28 U.S.C. Sections 1331 and 1343, in that this action is authorized by 42 U.S.C. Sections 1983 and 1988, and the Constitution of the United States to redress deprivations of constitutionally and statutorily protected rights and interests under color of state law

### COUNT I- 42 U.S.C. SEC. 1983 - INDIANA DEPARTMENT OF CHILD SERVICES, TERRY J. STIGDON, KATHRYN MALONE, ROSEMARIE FUENTES, and CARLETHA FIELDS

7. Defendant, INDIANA DEPARTMENT OF CHILD SERVICES, is a department within the State of Indiana.

8. Based on information and belief, Defendant, TERRY J. STIGDON, is a resident of the State of Indiana and was at all times mentioned herein the director of the INDIANA DEPARTMENT OF CHILD SERVICES.

9. Based on information and belief, Defendant, KATHRYN MALONE, is a resident of the State of Indiana and was at all times mentioned herein an employee of and family case manager supervisor for the INDIANA DEPARTMENT OF CHILD SERVICES.

10. Based on information and belief, Defendant, ROSEMARIE FUENTES, is a resident of the State of Indiana and was at all times mentioned herein an employee of and family case manager for the INDIANA DEPARTMENT OF CHILD SERVICES.

11. Based on information and belief, Defendant, CARLETHA FIELDS, is a resident of the State of Indiana and was at all times mentioned herein an employee of and family case manager for the INDIANA DEPARTMENT OF CHILD SERVICES.

12. Plaintiff's Decedent brings this action by and through ANGELA SALINAS, Administrator of the Estate of EMMA SALINAS, Deceased, having lawfully been appointed in such capacity by order of the Circuit Court of Cook County, Illinois.  A copy of said order is attached hereto as Exhibit "A".

13. At all times relevant hereto, defendant, INDIANA DEPARTMENT OF CHILD SERVICES, pursuant to order of the applicable County Juvenile Court and by operation of law, had responsibility for the custody, supervision and care of Plaintiff's Decedent.

14. Defendant, TERRY J. STIGDON, by virtue of his position of authority and trust, and by operation of state law, had the ministerial duty to place the Plaintiff's Decedent in foster homes, to administer and supervise the local administration of state laws, rules, and regulations relating to public child welfare and youth services, and such duty included the duty to inspect at regular intervals all foster family homes used by authorized foster parents and/or authorized state agencies. This defendant was deliberately indifferent to the discharge of his ministerial duty.

15. Defendant, KATHRYN MALONE, by virtue of her position of authority and trust, and by operation of state law, had a duty, in placing the Plaintiff's Decedent in foster homes and supervising her case managers, to promote, safeguard, and protect the well-being and general welfare of the Plaintiff's Decedent by thoroughly investigating each such home and the character and reputation of the persons residing therein and by adequately supervising each such home during the period of care. This defendant was deliberately indifferent to the discharge of her ministerial duty.

16. Defendants, ROSEMARIE FUENTES and CARLETHA FIELDS, by virtue of their positions of authority and trust, and by operation of state law, had a duty, in placing the plaintiff in foster homes and acting as case manager(s), to promote, safeguard, and protect the well-being and general welfare of the Plaintiff's Decedent by throughly investigating each such home and the character and reputation of the persons residing therein and by adequately supervising each such home during the period of care. These defendants were deliberately indifferent to the discharge of this ministerial duty.

17. As a direct and proximate result of the gross and culpable misfeasance, malfeasance, and nonfeasance of the defendants, and each of them, the Plaintiff's Decedent sustained personal injury and died as a result of that injury.

18. That Plaintiff's Decedent was survived by her mother and siblings, all of whom suffered a loss of love, companionship, and services of Plaintiff's Decedent by reason of said death.

19. As a direct and proximate result of the gross and culpable misfeasance, malfeasance, and nonfeasance of the defendants, plaintiff has been deprived of certain fundamental rights without due process, under color of state law.

20. That prior to May 4, 2017, Defendants, ROSEMARIE FUENTES and CARLETHA FIELDS, employees of the INDIANA DEPARTMENT OF CHILD SERVICES, and the case managers to whom Plaintiff's Decedent was assigned, were informed on multiple occasions by Plaintiff, ANGELA SALINAS, of physical, emotional, nutritional and other abuse and neglect to Plaintiff's Decedent by JAMILIA HODGE and FRED GRANT.

21. That on February 8, 2017 and/or February 13, 2017, Defendants, ROSEMARIE FUENTES and CARLETHA FIELDS, employees of the INDIANA DEPARTMENT OF CHILD SERVICES, and the case managers to whom Plaintiff's Decedent was assigned, were informed of physical, emotional, nutritional and other abuse and neglect involving children under the foster care of JAMILIA HODGE and FRED GRANT, and based on information and belief, physical, emotional, nutritional and other abuse and neglect involving the Plaintiff's Decedent.

22. Defendants, ROSEMARIE FUENTES and CARLETHA FIELDS, employees of the INDIANA DEPARTMENT OF CHILD SERVICES, and the case managers to whom Plaintiff's Decedent was assigned, arbitrarily, maliciously, in bad faith, and in reckless disregard of and in deliberate indifference to the best interest of the Plaintiff's Decedent, failed to properly investigate the aforementioned physical, emotional, nutritional and other abuse and neglect and immediately terminate the foster relationship between JAMILIA HODGE and FRED GRANT, and the Plaintiff's Decedent.

23. Defendants, ROSEMARIE FUENTES and CARLETHA FIELDS, employees of the INDIANA DEPARTMENT OF CHILD SERVICES, and the case managers to whom Plaintiff's Decedent was assigned, were deliberately indifferent in failing to independently investigate whether any residents of Plaintiff's Decedent's foster home were dangerous, criminal, inadequate or unreasonable.

24. Defendants, TERRY J. STIGDON and KATHRYN MALONE, employees of the INDIANA DEPARTMENT OF CHILD SERVICES, and the director and supervisor case manager to whom Plaintiff's Decedent was assigned, were deliberately indifferent in the discharge of their ministerial and supervisory duties of their office relating to the custody, supervision, and care of the Plaintiff's Decedent.

25. Defendants, TERRY J. STIGDON and KATHRYN MALONE, employees of the INDIANA DEPARTMENT OF CHILD SERVICES, and the director and supervisor case manager to whom Plaintiff's Decedent was assigned, were deliberately indifferent to properly administrator and supervise the local administration by Defendants ROSEMARIE FUENTES and CARLETHA FIELDS, in failing to properly investigate the aforementioned physical, emotional, nutritional and other abuse and neglect, and to inspect at regular intervals the foster home of the Plaintiff's Decedent.

26. Defendants, TERRY J. STIGDON, KATHRYN MALONE, ROSEMARIE FUENTES, and CARLETHA FIELDS, were deliberately indifferent in failing to make a through and complete investigation and study of the foster home of Plaintiff's Decedent prior to the Plaintiff's Decedent being placed therein, including permitting FRED GRANT, to reside in the foster home.

27. Plaintiff's Decedent was placed in the foster home of JAMILIA HODGE on or about October 3, 2016.

28. The foster parent was legally and morally unfit to be entrusted with the custody, supervision, and care of the Plaintiff's Decedent, and such fact was known to all defendants.

29. As a direct and proximate result of the above, the Plaintiff's Decedent sustained personal injury and died as a result of that injury.

6

30. That the foster parent wantonly and willfully acted in causing the death.

31. That Plaintiff's Decedent was survived by her mother and siblings, all of whom suffered a loss of love, companionship, and services of Plaintiff's Decedent by reason of said death.

WHEREFORE, ANGELA SALINAS, Administrator of the Estate of EMMA SALINAS, Deceased, asks judgment against the Defendants, INDIANA DEPARTMENT OF CHILD SERVICES, TERRY J. STIGDON, KATHRYN MALONE, ROSEMARIE FUENTES, CARLETHA FIELDS as follows:

a.) Reasonable medical, hospital, funeral and burial expenses;

b.) A loss of love, companionship, and services;

c.) For the costs of litigation, including reasonable attorney's fees, as provided by 42 U.S.C. Section 1988; and,

d.) For such other and further relief as the court deems proper.

### COUNT II - 42 U.S.C. Section 601, et. seq. and 45 C.F.R. Section 233, et. seq. - INDIANA DEPARTMENT OF CHILD SERVICES, TERRY J. STIGDON, KATHRYN MALONE, ROSEMARIE FUENTES, and CARLETHA FIELDS

32. Paragraphs 7-31 of Count I and hereby re-alleged are incorporated by reference.

33. The requirements of 42 U.S.C. Section 601, et. seq., and 45 C.F.R. Section 233, et. seq. are applicable to the foster placement of the Plaintiff's Decedent in that it was financed in part, directly or indirectly, by funds provided by the United States Department of Health and Human Services.

34. The defendants are subject to the requirements of 42 U.S.C. Section 601, et. seq., and 45 C.F.R. Section 233, et. seq., and said provisions are intended, in part, for the protection of individuals such as Plaintiff's Decedent when placed in foster homes.

35. The defendants have denied to Plaintiff's Decedent her rights, benefits and entitlements guaranteed by 42 U.S.C. Section 601, et. seq., and 45 C.F.R. Section 233, et. seq.

WHEREFORE, ANGELA SALINAS, Administrator of the Estate of EMMA SALINAS, Deceased, asks judgment against the Defendants, INDIANA DEPARTMENT OF CHILD SERVICES, TERRY J. STIGDON, KATHRYN MALONE, ROSEMARIE FUENTES, CARLETHA FIELDS, as follows:

a.) Reasonable medical, hospital, funeral and burial expenses;

b.) A loss of love, companionship, and services;

c.) For the costs of litigation, including reasonable attorney's fees, as provided by 42 U.S.C. Section 1988; and,

d.) For such other and further relief as the court deems proper.

### COUNT III - 42 U.S.C. SEC. 1983 - BENCHMARK FAMILY SERVICES, INC., d/b/a BENCHMARK FAMILY SERVICES THERAPEUTIC FOSTER CARE

36. Paragraphs 7-31 of Count I, Paragraphs 32-35 of Count II are hereby incorporated by reference.

37. Defendant, BENCHMARK FAMILY SERVICES, INC., d/b/a BENCHMARK FAMILY SERVICES THERAPEUTIC FOSTER CARE, by and through its agents, servants and/or employees, was at all times mentioned, a foreign nonprofit corporation, which provides quality out of home placements for youth in need by working with referring agencies to guarantee the support, treatment and care they deserve; Recruiting and training a network of

8

professional, therapeutic foster homes, providing contracting agencies a variety of beds available for the youth they serve at a moment's notice; Supporting homes with on-going training, 24/7 on-call availability, financial reimbursement and professional support staff; Providing program staff managers with weekly contacts and visits to the home and youth in care; and, also coordinating therapy and psychiatric services for the youth in their care.

38. Defendant, BENCHMARK FAMILY SERVICES, INC., d/b/a BENCHMARK FAMILY SERVICES THERAPEUTIC FOSTER CARE, in the aforementioned capacity, by and through its agents, servants and/or employees, supervised, were responsible for screening of foster parents, including but not limited to JAMILIA HODGE and FRED GRANT, and each of them, and for the placement, supervision and care of foster children, including Plaintiff's Decedent.

39. On or about October 3, 2016, Plaintiff's Decedent was placed in the foster home of JAMILIA HODGE, and remained in such foster home until her death on May 4, 2017.

40. During the time Plaintiff's Decedent was living with JAMILIA HODGE, she was physically, emotionally, nutritionally and otherwise abused and neglected by JAMILIA HODGE and FRED GRANT, and each of them.

41. During the time Plaintiff's Decedent was living with JAMILIA HODGE, numerous complaints of physical, emotional, nutritional and other abused and neglect to Plaintiff's Decedent were made to Defendants, INDIANA DEPARTMENT OF CHILD SERVICES, TERRY J. STIGDON, KATHRYN MALONE, ROSEMARIE FUENTES, CARLETHA FIELDS, APOSTOLIC YOUTH & FAMILY SERVICES, INC., VERBIE JONES-SMITH, JEFFREY L. MCNEIL and SHAUNA AUSTIN by Plaintiff ANGELA SALINAS. These physically, emotionally, nutritionally and otherwise abused complaints were never

investigated or reported by Defendant, BENCHMARK FAMILY SERVICES, INC., d/b/a BENCHMARK FAMILY SERVICES THERAPEUTIC FOSTER CARE, by and through its agents, servants and/or employees.

42. Prior to Plaintiff's Decedent's death on May 4, 2017, Defendant, BENCHMARK FAMILY SERVICES, INC., d/b/a BENCHMARK FAMILY SERVICES THERAPEUTIC FOSTER CARE, by and through its agents, servants and/or employees, failed to investigate, report, supervise allegations of abuse, and to properly screen JAMILIA HODGE and FRED GRANT, as foster parents.

43. At all times mentioned, Defendant, BENCHMARK FAMILY SERVICES, INC., d/b/a BENCHMARK FAMILY SERVICES THERAPEUTIC FOSTER CARE, by and through its agents, servants and/or employees, acted recklessly and with gross negligence in one or more of the following particulars:

  a.) In failing to determine that JAMILIA HODGE was unfit to act as foster parent prior to placing Plaintiff's Decedent in the foster home;

  b.) In failing to monitor and in failing to provide adequate supervision in services to Plaintiff's Decedent while she was a resident of the foster home of JAMILIA HODGE

  c.) In failing to work with referring agencies to guarantee the support, treatment and care of Plaintiff's Decedent;

  d.) In failing to recruit and train a network of professional, therapeutic foster homes;

  e.) In failing to investigate and otherwise act on complaints of abuse;

  f.) In permitting FRED GRANT, to reside in the foster home;

  g.) In failing to take reasonable steps to prevents Plaintiff's Decedent's death.

44.     That ANGELA SALINAS has been appointed Independent Administrator of the Estate of EMMA SALINAS, Deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois.  A copy of said order is attached hereto as Exhibit "A".

45.     That ANGELA SALINAS has been appointed Independent Administrator of the Estate of EMMA SALINAS, Deceased, is a citizen of the United State and is a resident of the State of Illinois. She brings this suit pursuant to Title 42, U.S.C. Section 1983 to redress the deprivation by defendants under color of state law of rights, privileges, and immunities secured by the statutes and the Constitution of the United States of America. Specifically, plaintiff alleges that defendants in this action, acting under color of state law, and acting recklessly in a gross and negligent manner, and with deliberate indifference to Plaintiff's Decedent's rights, privileges, and immunities failed to protect Plaintiff's Decedent from harm, failed to provide Plaintiff's Decedent with protective case worker services, and failed to take reasonable steps to ensure the safety and well-being of Plaintiff's Decedent. The defendants failed to follow their own statutory requirements and regulations designed to protect Plaintiff's Decedent, failed to provide Plaintiff's Decedent with the level of care and protection required by the law, and comparable to that which was made available to other similarly situated minors under the jurisdiction of the INDIANA DEPARTMENT OF CHILD SERVICES.

46.     As a direct result of the actions and inactions of the defendants as set forth above, Plaintiff's Decedent was subjected to physical and emotional deprivations, sustained injuries, emotional and psychological distress, suffered and endured an unstable family environment, mental anguish, fear, was deprived of appropriate parental nurturing and parental guidance and instruction, and ultimately she died.

47. As a direct and proximate result of the above, the Plaintiff's Decedent sustained personal injury and died as a result of that injury

48. That Plaintiff's Decedent, EMMA SALINAS, was survived by her mother and siblings, all of whom suffered a loss of love, companionship, and services of EMMA SALINAS by reason of said death.

WHEREFORE, ANGELA SALINAS, Administrator of the Estate of EMMA SALINAS, Deceased, asks judgment against the Defendants, BENCHMARK FAMILY SERVICES, INC., d/b/a BENCHMARK FAMILY SERVICES THERAPEUTIC FOSTER CARE, by and through its agents, servants and/or employees, as follows:

a.) Reasonable medical, hospital, funeral and burial expenses;

b.) A loss of love, companionship, and services;

c.) For the costs of litigation, including reasonable attorney's fees, as provided by 42 U.S.C. Section 1988; and,

d.) For such other and further relief as the court deems proper.

### COUNT IV - 42 U.S.C. Section 601, et. seq. and 45 C.F.R. Section 233, et. seq. - BENCHMARK FAMILY SERVICES, INC., d/b/a BENCHMARK FAMILY SERVICES THERAPEUTIC FOSTER CARE

49. Paragraphs 7-31 of Count I, paragraphs 32-35 of Count II and paragraphs 36-48 of Count III are hereby incorporated by reference.

50. The requirements of 42 U.S.C. Section 601, et. seq., and 45 C.F.R. Section 233, et. seq. are applicable to the foster placement of the Plaintiff's Decedent in that it was financed in part, directly or indirectly, by funds provided by the United States Department of Health and Human Services.

51. The defendants are subject to the requirements of 42 U.S.C. Section 601, et. seq., and 45 C.F.R. Section 233, et. seq., and said provisions are intended, in part, for the protection of individuals such as Plaintiff's Decedent when placed in foster homes.

52. The defendants have denied to Plaintiff's Decedent her rights, benefits and entitlements guaranteed by 42 U.S.C. Section 601, et. seq., and 45 C.F.R. Section 233, et. seq.

WHEREFORE, ANGELA SALINAS, Administrator of the Estate of EMMA SALINAS, Deceased, asks judgment against the Defendants, BENCHMARK FAMILY SERVICES, INC., d/b/a BENCHMARK FAMILY SERVICES THERAPEUTIC FOSTER CARE, by and through its agents, servants and/or employees, as follows:

a.) Reasonable medical, hospital, funeral and burial expenses;

b.) A loss of love, companionship, and services;

c.) For the costs of litigation, including reasonable attorney's fees, as provided by 42 U.S.C. Section 1988; and,

d.) For such other and further relief as the court deems proper.

### COUNT V - 42 U.S.C. SEC. 1983 - APOSTOLIC YOUTH & FAMILY SERVICES, INC., VERBIE JONES-SMITH, JEFFREY L. MCNEIL and SHAUNA AUSTIN

53. Paragraphs 7-31 of Count I, paragraphs 32-35 of Count II, paragraphs 36-48 of Count III and paragraphs 49-52 of Count IV are hereby incorporated by reference.

54. Defendant, APOSTOLIC YOUTH & FAMILY SERVICES, INC., was at all times mentioned, a domestic nonprofit corporation, by and through its agents, servants and/or employees, which provides clinical and supportive services, including but not limited to, therapy,

13

transportation, assistance, and scheduling of visits between foster children and their biological parents.

55. Defendant, VERBIE JONES-SMITH, was at all times mentioned herein an employee of and therapist supervisor for APOSTOLIC YOUTH & FAMILY SERVICES, INC.

56. Defendant, JEFFREY L. MCNEIL, was at all times mentioned herein an employee of and therapist for APOSTOLIC YOUTH & FAMILY SERVICES, INC.

57. Defendant, SHAUNA AUSTIN, was at all times mentioned herein an employee of and therapist for APOSTOLIC YOUTH & FAMILY SERVICES, INC.

58. Defendants, APOSTOLIC YOUTH & FAMILY SERVICES, INC., in the aforementioned capacity, by and through its agents, servants and/or employees, VERBIE JONES-SMITH, JEFFREY L. MCNEIL and SHAUNA AUSTIN, provided therapy, transportation, supervised and were responsible for the coordination of foster child visits between foster parents and biological parents, including but not limited to JAMILIA HODGE and FRED GRANT, and each of them, Plaintiff, ANGELA SALINAS, and Plaintiff's Decedent.

59. Defendant, VERBIE JONES-SMITH, by virtue of her position of authority and trust, and by operation of state law, had a duty, in supervising her therapists, to promote, safeguard, and protect the well-being and general welfare of the Plaintiff's Decedent by thoroughly investigating each such home and the character and reputation of the persons residing therein and by adequately supervising each such home during the period of care. This defendant was deliberately indifferent to the discharge of her ministerial duty.

60. Defendants, JEFFREY L. MCNEIL and SHAUNA AUSTIN, by virtue of their positions of authority and trust, and by operation of state law, had a duty, acting as case therapist(s), to promote, safeguard, and protect the well-being and general welfare of the

Plaintiff's Decedent by throughly investigating each such home and the character and reputation of the persons residing therein and by adequately supervising each such home during the period of care. These defendants were deliberately indifferent to the discharge of this ministerial duty.

61. On or about October 3, 2016, Plaintiff's Decedent was placed in the foster home of JAMILIA HODGE and remained in such foster home until her death on May 4, 2017.

62. During the time Plaintiff's Decedent was living with JAMILIA HODGE, she was physically, emotionally, nutritionally and otherwise abused and neglected by JAMILIA HODGE and FRED GRANT, and each of them.

63. During the time Plaintiff's Decedent was living with JAMILIA HODGE, numerous complaints of physical, emotional, nutritional and other abuse and neglect to Plaintiff's Decedent were made to Defendants, APOSTOLIC YOUTH & FAMILY SERVICES, INC., by and through its agents, servants and/or employees, VERBIE JONES-SMITH, JEFFREY L. MCNEIL and SHAUNA AUSTIN by Plaintiff ANGELA SALINAS. These physical, emotional, nutritional and other abuse and neglect complaints were never investigated or reported by Defendants, APOSTOLIC YOUTH & FAMILY SERVICES, INC., VERBIE JONES-SMITH, JEFFREY L. MCNEIL and SHAUNA AUSTIN.

64. Prior to Plaintiff's Decedent's death on May 4, 2017, Defendants, APOSTOLIC YOUTH & FAMILY SERVICES, INC., by and through its agents, servants and/or employees, VERBIE JONES-SMITH, JEFFREY L. MCNEIL and SHAUNA AUSTIN, failed to properly investigate JAMILIA HODGE and FRED GRANT, as foster parents.

65. At all times mentioned, Defendants, APOSTOLIC YOUTH & FAMILY SERVICES, INC., by and through its agents, servants and/or employees, VERBIE JONES-

SMITH, JEFFREY L. MCNEIL and SHAUNA AUSTIN, acted recklessly and with gross negligence in one or more of the following particulars:

a.) In failing to determine that JAMILIA HODGE was unfit to act as foster parent prior to placing Plaintiff's Decedent in the foster home;

b.) In failing to monitor and in failing to provide adequate supervision in services to Plaintiff's Decedent while she was a resident of the foster home of JAMILIA HODGE;

c.) In failing to work with referring agencies to guarantee the support, treatment and care of Plaintiff's Decedent;

d.) In failing to recruit and train a network of professional, therapeutic foster homes;

e.) In failing to report, investigate and otherwise act on complaints of abuse;

f.) In permitting FRED GRANT, to reside in the foster home;

g.) In failing to take reasonable steps to prevents Plaintiff's Decedent's death.

66. That ANGELA SALINAS has been appointed Independent Administrator of the Estate of EMMA SALINAS, Deceased, pursuant to an order entered by the Circuit Court of Cook County, Illinois. A copy of said order is attached hereto as Exhibit "A".

67. That ANGELA SALINAS has been appointed Independent Administrator of the Estate of EMMA SALINAS, Deceased, is a citizen of the United State and is a resident of the State of Illinois. She brings this suit pursuant to Title 42, U.S.C. Section 1983 to redress the deprivation by defendants under color of state law of rights, privileges, and immunities secured by the statutes and the Constitution of the United States of America. Specifically, plaintiff alleges that defendants in this action, acting under color of state law, and acting recklessly in a gross and negligent manner, and with deliberate indifference to Plaintiff's Decedent's rights,

16

privileges, and immunities failed to protect Plaintiff's Decedent from harm failed to provide Plaintiff's Decedent with protective case worker services, and failed to take reasonable steps to ensure the safety and well-being of Plaintiff's Decedent. The defendants failed to follow their own statutory requirements and regulations designed to protect Plaintiff's Decedent, failed to provide Plaintiff's Decedent with the level of care and protection required by the law, and comparable to that which was made available to other similarly situated minors under the jurisdiction of the INDIANA DEPARTMENT OF CHILD SERVICES.

68. As a direct result of the actions and inactions of the defendants as set forth above, Plaintiff's Decedent was subjected to physical and emotional deprivations, sustained injuries, emotional and psychological distress, suffered and endured an unstable family environment, mental anguish, fear, was deprived of appropriate parental nurturing and parental guidance and instruction, and ultimately she died.

69. That as a direct and proximate result of the above, the Plaintiff's Decedent sustained personal injury and died as a result of that injury.

70. That Plaintiff's Decedent, EMMA SALINAS, was survived by her mother and siblings, all of whom suffered a loss of love, companionship, and services of EMMA SALINAS by reason of said death.

WHEREFORE, ANGELA SALINAS, Administrator of the Estate of EMMA SALINAS, Deceased, asks judgment against the Defendants, APOSTOLIC YOUTH & FAMILY SERVICES, INC., by and through its agents, servants and/or employees, VERBIE JONES-SMITH, JEFFREY L. MCNEIL and SHAUNA AUSTIN, as follows:

a.) Reasonable medical, hospital, funeral and burial expenses;

b.) A loss of love, companionship, and services;

    c.)    For the costs of litigation, including reasonable attorney's fees, as provided by 42 U.S.C. Section 1988; and,

    d.)    For such other and further relief as the court deems proper.

## COUNT VII - 42 U.S.C. Section 601, et. seq. and 45 C.F.R. Section 233, et. seq. - APOSTOLIC YOUTH & FAMILY SERVICES, INC., VERBIE JONES-SMITH, JEFFREY L. MCNEIL and SHAUNA AUSTIN

71. Paragraphs 7-31 of Count I, paragraphs 32-35 of Count II, paragraphs 36-48 of Count III, paragraphs 49-52 of Count IV and paragraphs 53-70 are hereby incorporated by reference.

72. The requirements of 42 U.S.C. Section 601, et. seq., and 45 C.F.R. Section 233, et. seq. are applicable to the foster placement of the Plaintiff's Decedent in that it was financed in part, directly or indirectly, by funds provided by the United States Department of Health and Human Services.

73. The defendants are subject to the requirements of 42 U.S.C. Section 601, et. seq., and 45 C.F.R. Section 233, et. seq., and said provisions are intended, in part, for the protection of individuals such as Plaintiff's Decedent when placed in foster homes.

74. The defendants have denied to Plaintiff's Decedent her rights, benefits and entitlements guaranteed by 42 U.S.C. Section 601, et. seq., and 45 C.F.R. Section 233, et. seq.

WHEREFORE, ANGELA SALINAS, Administrator of the Estate of EMMA SALINAS, Deceased, asks judgment against the Defendants, APOSTOLIC YOUTH & FAMILY SERVICES, INC., by and through its agents, servants and/or employees, VERBIE JONES-SMITH, JEFFREY L. MCNEIL and SHAUNA AUSTIN, as follows:

    a.)    Reasonable medical, hospital, funeral and burial expenses;

      b.)      A loss of love, companionship, and services;

      c.)      For the costs of litigation, including reasonable attorney's fees, as provided by 42 U.S.C. Section 1988; and,

      d.)      For such other and further relief as the court deems proper.

      Respectfully submitted

      _____
      Attorney for Plaintiff

Brian W. Coffman, Esq. (28944-71)
COFFMAN LAW OFFICES, P.C.
2615 North Sheffield Avenue, Suite #1
Chicago, Illinois 60614
(773) 348-1295 (telephone)
(773) 242-6188 (facsimile)
Email: bcoffmanlaw@gmail.com
*Attorney for Plaintiff*